## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID R. BENTZ, #S03210,**

**Plaintiff,**

**vs.**                                                    **Case No. 16-cv-01349-DRH**

**NATHANIAL MAUE,**
**WILLIAM QUALLS,**
**ADAM TOPE,**
**JACOB GUETERSLOH,**
**MICHAEL SCHNICKER,**
**RYAN SADLER,**
**TINA MONROE,**
**TYLER JAIMET,**
**CAMBELL,**
**BENIFIELD,**
**CONWAY,**
**DONALD LINDENBERG,**
**MICHAEL SAMUEL,**
**RAYMOND ALLEN,**
**KENT BROOKMAN,**
**MONJIE,**
**KRISTA ALLSUP,**
**MARK PHOENIX,**
**KIMBERLY BUTLER,**
**LASHBROOK,**
**DAVID DWIGHT,**
**LINDA CARTER,**
**JOHN TROST,**
** J. FOSS,**
**JAMES BUTLER,**
**ANGILA CRAIN,**
**AMMIE LANG,**
**SUSAN KULIK (KULIS),**
**S. MCGLORN,**
**DR. NEWBOLD,**
**JANE DOE 1,**
**JOHN DOE 1,**
**JANE DOE 2,**
**JANE DOE 3,**

**JOHN DOE 2,**
**ILLINOIS DEPARTMENT OF**
**CORRECTIONS,**
**WEXFORD HEALTH SERVICES,**
**MENARD CORRECTIONAL CENTER,**
**ILLINOIS STATE POLICE**
**DEPARTMENT, and**
**UNKNOWN PARTIES,**

                         **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff David R. Bentz, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Doc. 2). In a prior Memorandum and Order, the Court severed Plaintiff's claims into two separate cases. This Memorandum and Order addresses Counts 1 through 5—the counts remaining in the original case. These counts allege excessive force, failure to intervene, and deliberate indifference to medical needs, among other claims. Plaintiff seeks monetary compensation for his injuries, as well as a declaratory judgment and injunctive relief. For this relief, Plaintiff seeks an order requiring the prison to provide him with adequate medical care and investigate and charge his alleged assailants. Plaintiff also seeks a temporary restraining order ("TRO") that would "prevent any future retaliation and/or assaults" of Plaintiff by Maue, Conway, Qualls, Yope, and Guetersloh. (Doc. 2, p. 41).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to

promptly screen prisoner Complaints to filter out nonmeritorious claims.   28 U.S.C. § 1915A(a).   The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.   28 U.S.C. § 1915A(b).

## The Complaint

As this Court outlined in the severance Order, Plaintiff alleges that on May 11, 2014, Qualls, Tope, Guetersloh, Maue, and multiple Unknown Parties beat him by punching him, grabbing him, slamming his head face first into the wall, strangling him, and picking him up by the neck.   (Doc. 2, pp. at 6-7).   Plaintiff alleges Sadler, W. Monroe, T. Monroe, Schnicker, and other John Does were present for this use of force and did not intervene.   *Id.*   After the alleged assault, Plaintiff repeatedly requested medical care for a "fractured jaw, chronic pain, and other medical needs to . . . Plaintiff's neck and jaw areas" and sought to talk to someone in internal affairs for fear of his life.   (Doc. 2, pp. 7-10).   Plaintiff admits that he filed a lawsuit, *Bentz v. Qualls*, 14-cv-562-MJR-SCW (S.D. Ill. May 13, 2016), seeking treatment of his medical needs and relief from "the immediate threat to . . . Plaintiff's life as a result of defendant's actions."   (Doc. 2, p. 10).   He filed *Bentz v. Qualls* on May 16, 2014 against several of the defendants in this case, including Tope, Guetersloh, Monroe, Maue, Brookman, Samuel, Qualls, Allen, Schnicker, Sadler, and Butler.   *Bentz v. Qualls*, 14-cv-562.   Plaintiff's claims in *Bentz v. Qualls* arise from the same incident as the instant case and

3

include claims of excessive force and deliberate indifference to serious medical needs. *Id.* at Doc. 1, p. 6. *Bentz v. Qualls* is ongoing, with a trial set for March 6, 2017. *Id.*

After the alleged assault in May, Plaintiff claims he received threats from various defendants and did not receive the medical care he sought for his injuries. (*See* Doc. 2, pp. 13, 15). In fact, Plaintiff did not see a doctor for his injuries sustained in May until October 3, 2014. (Doc. 2, p. 16). In the interim, Plaintiff was allegedly assaulted by Lindenberg and another corrections officer on August 29, 2014 while waiting to see a doctor. (Doc. 2, p. 15). This incident became the subject of another lawsuit filed by Plaintiff, *Bentz v. Lindenberg*, 15-cv-121-NJR-DGW (S.D. Ill. Feb. 5, 2015). *Bentz v. Lindenberg* also shares several defendants with the present case including Lindenberg, Butler, Lashbrook, Monju, and Trost. *Id.* Trost scheduled Plaintiff for X-rays of his injuries, which were done on October 10, 2014. (Doc. 2, p. 16). Plaintiff also received dental X-rays in June 2015 that were ordered by Newbold. (Doc. 2, p 18).

Plaintiff allegedly continued to receive threats from corrections officers throughout this time period for filing lawsuits and grievances against them and their colleagues. (Doc. 2, pp. 19-26, 28-29). As a result of harassment by Conway specifically, Plaintiff filed an amended complaint in one of his lawsuits in January 2016 to include Conway as a defendant. (Doc. 2, p. 24). Throughout this entire time period, Plaintiff allegedly continuously requested medical care for his injuries, was seen off and on by nurses and doctors, received multiple X-rays,

and was at times provided medication for his pain. (Doc. 2). Notably, all of the aforementioned information in the Complaint in the instant case was included, word-for-word, in Plaintiff's complaint in *Bentz v. Maue*, 16-cv-854-NJR (S.D. Ill. Sept. 22, 2016), which was filed in this District in July 2016 and was dismissed with prejudice September 22, 2016.

## Discussion

The Court is using the same designation of counts set forth in its previous severance order, thus the pertinent counts are:

**Count 1:**  Eighth Amendment excessive force claim against Qualls, Tope, Guetersloh, Maue, and multiple Unknown Parties for assaulting Plaintiff on May 11, 2014;

**Count 2:**  Eighth Amendment excessive force claim against Lindenberg for assaulting Plaintiff on August 29, 2014;

**Count 3:**  Eighth Amendment failure to intervene claim against Sadler, Monroe, Schnicker, and Unknown Parties for failing to intervene or stop Qualls, Tope, Guetersloh, Maue, and other Unknown Parties from assaulting Plaintiff on May 11, 2014;

**Count 4:**  Eighth Amendment deliberate indifference and malpractice claims against Trost, J. Butler, Crain, Lang, Kulis, McGlorn, Newbold, Foss, Jane Does 1, 2, and 3, John Doe 1, Wexford Health Services, and Unknown Parties for failing to provide adequate medical care for Plaintiff's head, jaw, and other injuries and pain between May 2014 and at least December 2016; and,

**Count 5:**  Eighth Amendment deliberate indifference, failure to intervene, negligence, defamation, intentional infliction of emotional distress, and/or conspiracy claims against Allsup, Phoenix, K. Butler, Lashbrook, Dwight, Carter, Brookman, Monjie, Allen, Samuel, Conway, Benifield, Campbell, Jaimet, Illinois State Police Department,

Menard Correctional Center, Illinois Department of Corrections, and John Doe 2.

Counts 1 through 5, along with this lawsuit, will be dismissed with prejudice for failure to state a claim on which relief can be granted because this suit is duplicative of previously filed suits by Plaintiff and Plaintiff is precluded from bringing previously dismissed identical claims. The allegations in the non-severed counts in this lawsuit were all brought in *Bentz v. Maue*, 16-cv-854, which was filed by Plaintiff on July 27, 2016 and dismissed *with prejudice* on September 22, 2016. In fact, the Complaint in the instant case appears to be a photocopy of the complaint in *Bentz v. Maue*, with few pages excepted to account for Plaintiff's new severed access to courts claims, the new defendants associated therewith, and Plaintiff's request for a TRO.

Res judicata bars a suit if there was a judgment on the merits and the parties and claims are identical. *Keller v. Monroe County Sheriff's Dept.*, 473 F. App'x 510, 511 (7th Cir. 2012). A final decision will terminate a suit, and the final resolution of one suit is conclusive in a successor, regardless of whether the decision dismissing the suit is correct or not. *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). Should a party find a final decision objectionable, the only option is to file an appeal on the available grounds. *Id.* Even cases dismissed during screening may have a preclusive effect on later cases. *Lewis v. Suthers*, 480 F. App'x 415, 416 (7th Cir. 2012). Further, to the extent Plaintiff was attempting to use his severed access to courts claim to challenge the dismissal of *Bentz v. Maue*, a prisoner cannot use a new lawsuit to argue that the dismissal

with prejudice of a separate lawsuit was in error. *Hudson v. Hedge*, 27 F.3d 274, 267 (7th Cir. 1994).

Res judicata is an affirmative defense that the Court may raise when it is clear from the complaint and other documents in the court's files that the suit is frivolous. *Gleash*, 308 F.3d at 760 (citing *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002)). Dismissal is proper immediately to save time and money for everyone involved, rather than waiting for Defendants to answer and file a motion to dismiss citing claim preclusion. *Id.* at 760-61. (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)). Additionally, the Seventh Circuit has explicitly rejected the position that pro-se complaints reasserting previously dismissed claims should be construed as motions to reconsider under Rule 60(b). *Id.* at 761.

Plaintiff has not only apparently photocopied his *Bentz v. Maue* complaint to revive his already dismissed claims against the same defendants, he also has other lawsuits currently pending covering the alleged incidents forming the basis of some claims in the instant suit. *See Bentz v. Qualls*, 14-cv-562 (claims against Tope, Guetersloh, Monroe, Maue, Brookman, Samuel, Qualls, Allen, Schnicker, Sadler, and Butler for excessive use of force on May 16, 2014 and deliberate indifference thereafter); *Bentz v. Lindenberg*, 15-cv-121 (claims against Lindenberg, Butler, Lashbrook, Monju, and Trost related to excessive use of force on August 29, 2014 and deliberate indifference thereafter). Plaintiff's claims in this suit are clearly duplicative of these previous suits and are precluded by the

dismissal with prejudice of *Bentz v. Maue*.   This suit, along with the defendants, will be dismissed with prejudice.

### TRO and Preliminary Injunction

Despite Plaintiff's request for such relief, the allegations in Plaintiff's Complaint do not support the issuance of a TRO or preliminary injunction.   A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days.   *See* FED. R. CIV. P. 65(b)(2).   A TRO may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."   FED. R. CIV. P. 65(b)(1)(A).   This form of relief is warranted "to prevent a substantial risk of injury from ripening into actual harm."   *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion.   *See* FED. R. CIV. P. 65(a)(1).   "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."   *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).   *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff has not demonstrated that he faces any immediate or irreparable

injury or loss that warrants this drastic form of relief.   *See* FED. R. CIV. P. 65(b)(1)(A).   According to his Complaint, he has not been physically assaulted since 2014, and he did not indicate he was at any more risk when he filed the instant lawsuit in December 2016 than when he filed *Bentz v. Maue* in July 2016. Further, the Court cannot conclude that he is likely to succeed on the merits of any claims, as this action is being dismissed with prejudice as duplicative of ongoing and previously dismissed lawsuits.   Thus, to the extent Plaintiff may be considered to have made a motion for a preliminary injunction or a TRO, the motion shall be **DENIED** with prejudice.

## Pending Motions

Plaintiff has filed a Motion for Leave to Proceed in forma pauperis (Doc. 1), which will be addressed in a separate order.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** through **5** of Plaintiff's Complaint (Doc. 2) and this action will be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.   FED. R. APP. 4(A)(4).   If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.   *See* FED. R. APP. 3(e); 28 U.S.C. §

1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.[1] *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 7, 2017**

Judge Herndon
2017.01.08
13:01:05 -06'00'

_____
**U.S. District Judge**

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status has been granted.